KIRBY McINERNEY LLP
IRA M. PRESS (IP 5313)
PAMELA E. KULSRUD (PK 4310)
830 Third Avenue, 10th Floor
New York, New York 10022
Telephone: (212) 371-6600

Lead Counsel for AT&T Wireless Tracking Stock Plaintiffs

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/07
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AT&T WIRELESS TRACKING STOCK SECURITIES LITIGATION | 00-CV-8754-MGC<br>Hon. Miriam Goldman Cedarbaum |

## AMENDED SETTLEMENT DISTRIBUTION ORDER

**WHEREAS**, the captioned class action (the "Action") was settled pursuant to the terms and conditions of the stipulation of settlement, dated as of April 5, 2006 (the "Stipulation"), providing for settlement of the Action on behalf of a certified class consisting of all investors who acquired AT&T Wireless Group tracking stock ("AWE") in its April 26, 2000 initial public offering (the "AWE IPO") and in the open market thereafter until and through May 1, 2000 and were injured thereby, excluding defendants and their immediate families, in exchange for payment of $150,000,000, plus interest (the "Settlement Fund"); and

**WHEREAS**, this Court held a hearing on the fairness of the terms and conditions of the Settlement and the Plan of Allocation of the Settlement Fund on October 19, 2006, at which time all Class members were provided with an opportunity to be heard; and

**WHEREAS**, on October 19, 2006, this Court entered the Final Approval Order and Judgment (the "Final Judgment"), finding, *inter alia*, that the Settlement and the Plan of Allocation were

fair, reasonable and adequate and in the best interests of the Class and that the Notice to the Class satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process; and

**WHEREAS**, this Court retained jurisdiction to effectuate and enforce the provisions of the Stipulation, including the administration of the Settlement and distribution of the Settlement Fund to eligible members of the Class ("Authorized Claimants"), including, but not limited to, authority to approve final distribution of the Settlement Fund; and

**WHEREAS**, counsel for plaintiffs and the Class ("Plaintiffs' Lead Counsel"), and their professional claims administrator, Gilardi & Co. LLC ("Gilardi"), have now completed all steps required for processing, reviewing and administering claims as set forth in the Stipulation and have calculated, pursuant to the terms of the Plan of Allocation set forth in the Notice of Settlement, dated July 14, 2006, both the number of valid and complete Proofs of Claim submitted and the total net Recognized Loss (as that term is defined in the Notice of Settlement) for each Authorized Claimant; and

**WHEREAS**, Plaintiffs' Lead Counsel and Gilardi have reported to this Court by affidavit of Dennis A. Gilardi in support of Motion for Distribution of Class Settlement Fund, sworn to on July 16, 2007 ("Gilardi Affidavit"), respecting the review, processing, administration and calculation of claims, and have provided a final report listing all valid and complete claims with the eligible claims, and all ineligible claims and the reasons for such ineligibility; and

**WHEREAS**, Plaintiffs' Lead Counsel have applied to this Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation; and

**WHEREAS**, Plaintiffs' Lead Counsel request that this Court approve payment to Gilardi from the Settlement Fund of its unreimbursed fees and expenses incurred in connection with the settlement administration; and

**WHEREAS**, on September 20, 2007 the Court approved a Settlement Distribution Order which, *inter alia*, (a) provided for distribution of the balance of the Net Settlement Fund on a *pro rata* basis to the 32,683 Authorized Claimants identical in Exhibit C (File A) to the Gilardi Affidavit, at the

direction of Plaintiffs' Lead Counsel, and (b) set July 20, 2007 as the deadline for the acceptance of late claims; and

**WHEREAS**, AllianceBernstein L.P. has made an unopposed application to this Court to extend the deadline for the acceptance of late claims to at least October 24, 2007, to allow for the acceptance of certain claims submitted after July 20, 2007; and

**WHEREAS**, since Gilardi has not yet distributed payments from the Net Settlement Funds and the request for an extension was made in good faith, the Court has determined in the exercise of its discretion, to grant AllianceBernstein L.P.'s application and extend the deadline for the filing of late claims to October 24, 2007; and

**WHEREAS**, at no cost to the Class, the parties have submitted a Supplemental Affidavit of Dennis A. Gilardi sworn to on October 24, 2007 ("Gilardi Supplemental Affidavit") respecting the review, processing, administration and calculation of claims, including claims filed through October 24, 2007 and have provided a supplemental report listing all claims received and processed since July 16, 2007, together with the allowed loss calculated pursuant to the Court-approved plan of allocation; and

**WHEREAS**, this Court has duly considered all submissions presented with respect to the foregoing.

### NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court finds that the procedures and methods utilized in the administration of the Settlement and the process, review and calculation of claims submitted by claimants fully complied with the provisions of the Final Judgment, and the Plan of Allocation set forth in Notice of Settlement, and are accordingly approved by this Court.

2. This Court directs Plaintiffs' Lead Counsel to pay all taxes owed by the Settlement Fund from the Settlement Fund, including the tax incurred on interest earned by the Settlement Fund, and to continue their efforts to resolve any disputes outstanding, or which may arise with the Internal Revenue Service in a manner they determine, in their discretion, is most beneficial to the Settlement Fund.

3. This Court allows all timely, complete and valid claims, described in the Gilardi Affidavit, ¶9 and in Exhibit C (as a CD-ROM) to the Gilardi Affidavit File A. This Court also will allow all claims that are complete and valid listed in Exhibit A to the Gilardi Supplemental Affidavit, although they may have been submitted untimely.

4. This Court directs payment to all 32,779 Authorized Claimants in accordance with the Court-approved Plan of Allocation.

5. The Court finds that all Claimants described in the Gilardi Affidavit and/or Supplemental Affidavit, whose claims are either partially or completely invalid, have been given a fair and reasonable opportunity to object to and/or to appeal the rejection of all or part of their claims, and directs that all of such claims be rejected.

6. Any claims submitted by any Class member after October 24, 2007 shall not be accepted for any reason whatsoever.

7. The request by Gilardi for payment of its unpaid fees and expenses incurred to date in administration of the Settlement and its projected costs for the actual distribution to Claimants approved in this Order, of $561,825, is approved. In addition, the Court directs AllianceBernstein L.P. to pay Gilardi the amount of $4,200 to compensate Gilardi for fees and expenses related to the processing of the late claims.

8. The balance of the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibit C (File A) to the Gilardi Affidavit and Exhibit A to the Gilardi Supplemental Affidavit, at the direction of Plaintiffs' Lead Counsel.

9. The checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180 DAYS AFTER ISSUE." Plaintiffs' Lead Counsel and Gilardi are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

10. This Court directs Plaintiffs' Lead Counsel to continue administration of the Settlement pursuant to this Order and the Stipulation.

11. This Court directs Plaintiffs' Lead Counsel to retain the balance of any undistributed funds in the Settlement Fund, the proceeds of any returned or uncashed distribution checks or any tax refunds that may be obtained, and any interest thereon, in an interest bearing escrow account or fund.

12. After one year following the distribution of the Net Settlement Fund to Authorized Claimants and after appropriate efforts have been made by either Plaintiffs' Lead Counsel or Gilardi to ensure that Authorized Claimants cash their checks, Plaintiffs' Lead Counsel is authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Authorized Claimants who have cashed their checks, *provided* that they would receive at least $10.00 in such redistribution based on their Recognized Claims. If six months after such redistribution any funds shall remain in the Net Settlement Fund, then Gilardi, following consultation with Plaintiffs' Lead Counsel, shall donate the remaining funds to Amherst College.

13. This Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the Released Persons beyond the amount allocated to them pursuant to this Order.

14. The Claims Administrator is authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund, to the Authorized Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible Authorized Claimants.

15. This Court shall retain jurisdiction over any further application or matter which may arise in connection with this action. The retention of jurisdiction by this Court in this matter does not affect in any way the finality of this Order.

DATED: October 29, 2007



MIRIAM GOLDMAN CEDARBAUM
UNITED STATES DISTRICT JUDGE

NYA864847.4